**SO ORDERED.**

**SIGNED this 31 day of July, 2014.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **ANESSA LYNN MORRIS** | **12-03694-8-SWH** |
| DEBTOR | |

## ORDER ALLOWING MOTION TO MODIFY

Pending before the court is the motion of debtor Anessa Lynn Morris ("debtor") to modify her chapter 13 plan pursuant to § 1329(a)(2) of the Bankruptcy Code, in order to extend the period of payments from 60 months to 75 months.  Chapter 13 trustee Richard M. Stearns ("trustee") has objected on the grounds that under § 1329(c), the applicable commitment period begins at the time the first payment is due pursuant to § 1326(a) rather than at the time of the first payment after confirmation of the chapter 13 plan.  A hearing on this issue was held in Wilmington, North Carolina, on June 11, 2014.  On July 1, 2014, in accordance with the opportunity afforded to the parties by the court at the conclusion of the hearing, both parties filed briefs in support of their respective positions.  The matter is now ripe for disposition.

## BACKGROUND

The debtor filed a voluntary petition under chapter 13 of the United States Bankruptcy Code on May 15, 2012. A proposed chapter 13 plan was filed along with the petition. The plan proposed 60 monthly payments of $1,169. The plan also provided for the cramdown of the claim of J.P. Morgan Chase, which held a secured claim against the debtor's residence. A motion to confirm the plan was filed on June 26, 2012. J.P. Morgan Chase objected to confirmation on July 24, 2012.

The debtor initiated an adversary proceeding against J.P. Morgan Chase to determine the propriety of her intended cramdown of J.P. Morgan Chase's claim. Confirmation of the plan was delayed during the pendency of the adversary proceeding. J.P. Morgan Chase filed a motion to dismiss the adversary proceeding and in open court on August 15, 2013, the court announced its intention to allow the motion to dismiss. The order dismissing the motion was issued on September 12, 2013.

On August 26, 2013, the debtor filed an amended plan which provided for the payment of the J.P. Morgan Chase claim consistent with the oral ruling on the motion to dismiss. Immediately after the filing of the amended plan, J.P. Morgan Chase withdrew its objection to confirmation. The debtor has made all payments under the original plan beginning in June 2012, the first month after filing, consistent with 11 U.S.C. § 1326(a). The amended plan proposed 21 monthly payments of $1,109 and 54 monthly payments of $1,362. On August 27, 2013, this court confirmed the original plan with the amended plan still pending. Thereafter on September 23, 2013, debtor filed a motion to modify the confirmed chapter 13 plan to provide for the payment of the claim of J.P. Morgan Chase over 75 months. The trustee filed a response in opposition to debtor's motion to modify plan on October 23, 2013 because of the extended payment period. Thereafter, the debtor withdrew her

motion to modify on November 18, 2013, and the trustee filed a motion to dismiss for failure to modify the plan on December 17, 2013. On March 21, 2014, the debtor filed a second motion to modify proposing a 75 month payment plan once again, to which the trustee again objected.

The debtor maintains however, that the commitment period does not begin until the original proposed plan is confirmed, which in the instant case was on August 27, 2013. Debtor bases her argument on the Fourth Circuit's decision in West v. Costen, 826 F.2d 1376 (4th Cir. 1987). Debtor's proposed modification would require payments until August 2018, 60 months after confirmation of the plan.

## DISCUSSION

Section 1329(c) provides that

> [a] plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C. § 1329(c). Section 1325(b)(1)(B) provides that the applicable commitment period begins the date that the first payment is due under the plan. 11 U.S.C. § 1325(b)(1)(B). The legal issue here is quite narrow and turns on the phrase "the first payment under the original confirmed plan." The debtor contends that the applicable commitment period as defined by § 1329(c), which governs modification of chapter 13 plans, begins **at the time of confirmation of the original plan.** On the other hand, the trustee maintains that the applicable commitment period began upon the filing of the proposed plan with the petition in accordance with Bankruptcy Rule 3015(b).

"The plain language of a statute is conclusive unless a 'literal application of the statute will produce a result demonstrably at odds with the intentions of its drafters.'" In re Brandon, 349 B.R.

3

130, 131 (Bankr. M.D.N.C. 2006) (citing Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982)). The only reasonable interpretation of the language "after the time that the first payment under the original confirmed plan was due" in § 1329(c) is that the section refers to the first payment under a confirmed plan. There is simply no way to have a payment due under a confirmed plan without the plan being confirmed. Here, that means that the applicable commitment period did not begin until the original plan was confirmed on August 27, 2013.

Although the plain language of the statute is dispositive, in order to ascertain the meaning of a statute, the court can also look to other sections of the same statute under the rule of *in pari materia*. U. S. v. Morison, 844 F.2d 1057, 1064 (4th Cir. 1988). In this instance, § 1325(b)(4) actually says that the applicable commitment period shall be "not less than 5 years" for debtors with a certain income. 11 U.S.C. § 1325(b)(4)(A)(ii). It does not prescribe a maximum length of the commitment period. See id.

Furthermore, the Fourth Circuit has already decided this issue in West v. Costen, 826 F.2d 1376, 1378 (4th Cir. 1987). In Costen, the debtor fell behind on payments and sought a modification to extend his plan. When the debtor asked the court to approve his final payment, a creditor objected, arguing that the plan was longer than allowed by statute. The Fourth Circuit sided with the debtor and held that the applicable commitment period cited in § 1329(c) begins with the first payment made under a confirmed plan and not the first payment due under a proposed plan, which is typically due within one month of filing the petition. Id.

The Costen case remains good law in the Fourth Circuit, twenty-seven years after it was issued and nine years after the passage of BAPCPA. The passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) did not materially change the meaning

of § 1329(c). Pre-BAPCPA, § 1329(c) provided that a modified plan "may not provide for payments over a period that expires **after three years** after the time that the first payment under the original plan was due." 11 U.S.C. § 1329(c) (2000) (emphasis added). Post-BAPCPA, it reads that a modified plan "may not provide for payments over a period that expires **after the applicable commitment period under section 1325(b)(1)(B)** after the time that the first payment under the original confirmed plan was due." 11 U.S.C. § 1329(c) (2012) (emphasis added). Functionally, these statutes are the same. Post-BAPCPA, depending on a debtor's income, the applicable commitment period in the emphasized text is three or five years. In the instant case, it is a five-year period given the debtor's below median income.

Finally, courts in the Fourth Circuit, after the passage of BAPCPA, have consistently held West v. Costen to be good law, and have followed it. See In re McClam, No. 08-11544PM, 2009 WL 2928240, at *1 (Bankr. D. Md. Aug. 13, 2009) (holding Costen remains good law post-BAPCPA and that the due date of the first payment which begins the running of the applicable commitment period is the first payment under the original confirmed plan, post-confirmation); In re Stroud, No. 07-04502-JW, 2008 Bankr. LEXIS 1024, at *3–4 (Bankr. D.S.C. Mar. 5, 2008) (holding that the result of Costen does not change under BAPCPA with respect to § 1329(c) and that "under the original confirmed plan" is the operative language in § 1329(c) and thus, extending the applicable commitment period beyond 60 months from the date of the first payment under the proposed plan does not violate the Bankruptcy Code).

The instant case and Costen are readily distinguishable from the two Fourth Circuit cases cited by the trustee in support of his contention that Costen should no longer be followed. Arnold is a case that concerns the interpretation of § 1329(a), Arnold v. Weast (In re Arnold), 869 F.2d 240,

5

241 (4th Cir. 1989), not § 1329(c), which is the section at issue in the instant case. Moreover, Arnold involves a debtor proposing the shortening of the commitment period, not its lengthening. See id. at 242. The other case cited by the trustee is Pliler v. Stearns, 747 F.3d 260 (4th Cir. 2014). This is again an example of a case where the debtors sought to pay their debts in an accelerated fashion. Id. at 262. The Bankruptcy Court and later the Court of Appeals held that the applicable commitment periods are temporal requirements. Id. at 263. That is, it is a minimum period of either three or five years from an effective date under which debtors must make plan payments. See id. at 265–266.

While recognizing the reasoning behind the Ninth Circuit's Bankruptcy Appellate Panel's (BAP) opinion in Profit v. Savage (In re Profit), 283 B.R. 567 (9th Cir. 2002), this court declines to follow it, especially in light of our Fourth Circuit precedent.

This ruling does not stand for the proposition that all debtors may extend their plans beyond 60 months if they are not able to make the necessary payments; rather, inquiries regarding the start date of the applicable commitment period under § 1329(c) must be fact specific. Here, the trustee posits that the proposed modification is proposed in bad faith in violation of §§ 1329(b) and 1325(a) given the apparently questionable nature of the adversary proceeding. The trustee asserts that the debtor caused a long procedural delay so that she could argue for a 75 month repayment period. An examination of the procedural history reveals otherwise. While the debtor did initiate the adversary proceeding, thereby placing the bankruptcy case on hold, the **defendant** in the case, J.P. Morgan Chase, initially filed two motions to extend time. The trustee did not intervene in the adversary proceeding until 3 months after the complaint was filed, further delaying the proceeding. While the

debtor did file two motions to continue the proceeding on her own, the defendant also filed two additional motions to continue and reschedule the hearing.

The procedural delays are not fully or even mostly the debtor's fault. Additionally, there is no evidence in the record that the debtor was trying to take advantage of the bankruptcy system by backloading payments. Rather, she has made all payments on time under the original proposed plan, which calls for 60 uniform payments, since the first month after filing. Therefore, the court finds that the debtor has proposed the modified plan in good faith in compliance with 11 U.S.C. §§ 1329(b)(1) and 1325(a)(3).

Here, because the debtor has proposed the 75 month payment period in good faith after exercising her rights to be heard in an adversary proceeding, and because the 75 month commitment period complies with the statutory requirements imposed by § 1329(c), which only requires that payments be completed within 60 months of the confirmation of the original plan and represents the only likely way that the debtor will be able to pay her debts and receive the fresh start she seeks, the modification of the repayment period from 60 months to 75 months is warranted.

## CONCLUSION

Based on the foregoing, the motion to modify the debtor's chapter 13 plan is **ALLOWED.**

**SO ORDERED**.

**END OF DOCUMENT**